UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY,  Plaintiff, v. LUMBER ONE WOOD PRESERVING, LLC et al., Defendants. | Case No.: 3:13-cv-1978-AKK |

## MEMORANDUM OPINION

Plaintiff Indiana Lumbermens Mutual Insurance Co. ("ILM") pursues this declaratory judgment action against its insured, Lumber One Wood Preserving, LLC ("Lumber One"), and several other parties, including Robert C. Lisk, who have brought actions against Lumber One for allegedly distributing defectively treated lumber. *See* doc. 1. Before the court is defendant Lisk's motion to dismiss. Doc. 50. Lisk contends that the court lacks subject-matter jurisdiction over ILM's declaratory judgment action against him individually because the amount in controversy between ILM and himself does not exceed $75,000, as required for this court to exercise jurisdiction pursuant to 28 U.S.C. § 1332(a). The motion is

fully briefed, *see* docs. 48 and 49, and ripe for review. Based on a review of the record and the law, Lisk's motion is due to be granted.

## I. Brief Factual Background

In August 2010, ILM issued a Commercial General Liability Insurance Policy to Lumber One, effective from August 9, 2010 until August 9, 2011. Doc. 1-6. Lumber One renewed the policy for 2012 and 2013. Docs. 1-7 and 1-8.

On July 30, 2013, Lisk filed suit against Lumber One in this court, alleging that Lumber One distributed defectively treated lumber, injuring him and a class of similarly situated consumers. Doc. 1-1 at 1. Lisk's complaint indicates that he incurred damages in the amount of $3,248.16 as a result of the allegedly defective lumber and that the amount in controversy, i.e. the damages sustained by the putative class as a whole, exceeded $5,000,000.[1] *Id.* at 3.

On October 28, 2013, ILM initiated the present matter against Lumber One, Lisk, and five other parties who have filed suit against Lumber One in connection with its purported distribution of defective lumber, "seek[ing] a declaration of the parties' rights, duties, and liabilities under insurance policies issued by ILM to

---

[1] Lisk's complaint alleged a violation of the Alabama Deceptive Trade Practices Act ("ADTPA") and breach of express warranty on behalf of himself and the putative class. Doc. 1-1 at 6–8. On January 8, 2014, after ILM initiated this lawsuit, *see* doc. 1 (ILM's complaint, filed October 28, 2013), this court dismissed all of Lisk's claims except for his individual ADTPA claim, *Lisk v. Lumber One Wood Preserving, LLC*, 993 F. Supp. 2d 1376, 1386 (N.D. Ala. 2014), and subsequently dismissed the remaining ADTPA claim after Lisk failed to show that it met 28 U.S.C. § 1332(a)'s minimum amount in controversy requirement, Order Dismissing Plaintiff's Remaining Claim, *Lisk v. Lumber One Wood Preserving, LLC*, No. 3:13-cv-01402-AKK (N.D. Ala. April 1, 2014). The dismissal of Lisk's claims is irrelevant to the matter currently pending before the court because, as noted above, the dismissal occurred after ILM initiated this lawsuit, and courts "measure the amount in controversy on the date on which the court's diversity jurisdiction is first invoked." *The Burt Co. v. Clarendon Nat'l Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010).

Lumber One . . . with respect to the substantially similar and overlapping claims in four lawsuits" filed against Lumber One. Doc. 1 at 2. More specifically, ILM contends that "it has no duty to defend or indemnify Lumber One in the underlying suits." *Id*. at 3.

## II.   Analysis

When a party invokes federal jurisdiction based on the parties' diversity of citizenship, as is the case here, *see* doc. 1 at 1, the amount in controversy must exceed $75,000, *see* 28 U.S.C. § 1332(a). In an action seeking a declaratory judgment, the amount in controversy "is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002) (citing *Ericsson GE Mobile Commc'ns Inc. v. Motorola Commc'ns & Elecs.*, 120 F.3d 216, 218 (11th Cir. 1997)). Lisk contends that the court cannot exercise its diversity jurisdiction with regards to ILM's declaratory judgment action against him because the amount in controversy, i.e. his "loss resulting from the actions of ILM's insured, [] Lumber One," is only $3,248.16. Doc. 50 at 1.

ILM first contends that it has met § 1332(a)'s minimum amount in controversy requirement because "the amount in controversy in the underlying Lisk complaint was five million dollars, based on the allegations of the Lisk complaint itself[, which] explicitly stated that 'the amount in controversy exceeds

the sum or value of $5,000,000.'" Doc. 49 at 7 (quoting doc. 1-1 at 2). While the court acknowledges that there is a degree of symmetrical logic to ILM's argument, which is basically that because Lisk was able to invoke federal jurisdiction by alleging that the damages incurred by the putative class he represented exceeded $5,000,000, ILM should be able to invoke federal jurisdiction by alleging that the damages incurred by the putative class Lisk represents exceed $5,000,000, and that consequently, the value of the litigation the present matter is based on exceeds $75,000. Unfortunately for ILM, its argument runs afoul of well-established legal principles.

Generally, a plaintiff may not aggregate claims against multiple defendants to satisfy a minimum amount in controversy. "[T]he rule applicable to several plaintiffs having separate claims, that each must represent an amount sufficient to give the court jurisdiction, is equally applicable to several liabilities of different defendants to the same plaintiff." *Walter v. Ne. R.R. Co.*, 147 U.S. 370, 374 (1893); *see also State Farm Mut. Auto. Ins. Co. v. A & J Med. Center, Inc.*, Case No. 14-20066-CIV, 2014 WL 2025799, at *3 (quoting *Jewell v. Grain Dealers Mutual Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961)[2]) ("The general rule for aggregating claims against multiple defendants to satisfy the amount-in-controversy requirement is that 'where a suit is brought against several defendants

---

[2] The decisions of the Fifth Circuit handed down before the close of business on October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala*, 661 F.2d 1206, 1207 (11th Cir. 1981)).

asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claims, and not their aggregate.'"). When Lisk filed his lawsuit in this court, he relied upon a statutory exception to this general rule created by the Class Action Fairness Act of 2005, *see* doc. 1-1 at 2, which provides that federal jurisdiction is proper when, among other things, plaintiffs in a class action lawsuit allege an aggregate of five million dollars or more in claims, *see* 28 U.S.C. 1332(d)(2). As this is a declaratory judgment action, not a class action, ILM cannot (and does not, *see* doc. 51[3] (ILM's surreply, stating that it "does not rely on the Class Action Fairness Act . . . as a basis for subject matter jurisdiction) (emphasis in original)) rely on § 1332 (d)(2) to establish diversity jurisdiction. Instead, it must rely on § 1332(a), and ILM has not cited—nor is the court aware of—any legal basis for allowing it to aggregate Lisk's $3,248.16 claim with those of the putative class members in Lisk's lawsuit to meet the minimum-amount-in controversy requirement for diversity jurisdiction. Consequently, ILM cannot satisfy § 1332(a)'s $75,000 minimum amount in controversy requirement based on the value of Lisk's class action.

ILM presents two alternative theories for establishing diversity jurisdiction, neither of which is persuasive. The first, that "the value of the litigation [is] ILM's policy limits in the ILM-Lumber One policy agreement, which are $1,000,000 per

---

[3] ILM's motion to file a surreply, doc. 51, is **GRANTED**.

'occurrence,'" doc. 49 at 7 n. 3 (citing doc. 1-9), is a nonstarter because in cases concerning insurance coverage, if the face value of the policy is not at issue, a statement of the policy limit is not sufficient to establish the amount in controversy. *See Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1357 (11th Cir. 2005). ILM's second theory seeks to reframe the amount in controversy as the total value of the

> four underlying suits, all of which arise from the same underlying issues, specifically, the allegedly defective fence posts sold and/or distributed by Lumber One. In other words, from ILM's perspective, there is only one claim at issue in the litigation—the demand by Lumber One for the sum of the defense and indemnity in the underlying suits.

Doc. 49 at 9. Recognizing that, on its face, this theory is at odds with the anti-aggregation principles discussed above, ILM notes that "the Seventh Circuit has held that the general 'anti-aggregations of claims' rule [does] not apply in a federal declaratory judgment action between an insurer and [its] insured, stating, '[f]rom [the insurer's] perspective, there is only one claim—by its insured, for the sum of the defense and indemnity.'" *Id*. (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 539 (7th Cir. 2006)). *Sadowski* might provide useful guidance if the issue before the court was whether jurisdiction existed over ILM's declaratory judgment action against Lumber One—i.e. if it concerned an action between an insurer and its insured. But, it is not, and nothing in the *Sadowski* opinion supports ILM's apparent contention that the aggregate value of the underlying litigation against

Lumber One can serve as the basis for satisfying the amount in controversy requirement in a declaratory judgment action against an individual plaintiff in that underlying litigation. In sum, there is simply no legal basis to support either of ILM's alternative theories for establishing § 1332(a)'s minimum amount in controversy requirement.

### III.  Conclusion

Because the amount in controversy between Lisk and ILM is $3,248.1, far less than the $75,000 minimum amount in controversy required by § 1332(a), and because the aggregate value of neither Lisk's putative class action nor the litigation underlying this action can be used to satisfy § 1332(a), this court lacks subject-matter jurisdiction over ILM's declaratory judgment action against Lisk. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  Consequently, Lisk's motion to dismiss ILM's claim against him is granted. The court will issue a separate order consistent with this opinion.

Done the 16th day of September, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE